IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50172
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY DUNKLEY, also known as Pharaoh,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-418-3-DB
--------------------
October 8, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

Mark Anthony Dunkley appeals the amended sentence imposed by the district court for his guilty-plea conviction for conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana. Dunkley argues that counsel was ineffective in that he did not file a written objection to the Presentence Report, arguing that two of the arrests listed were arrests of his brother, and not Dunkley. Generally, claims of ineffective assistance of trial counsel may not be litigated on direct appeal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unless they were adequately raised in the district court. <u>United States v. Rivas</u>, 157 F.3d 364, 369 (5th Cir. 1998). When such claims are raised for the first time on direct appeal, this court will address the claims only "'in rare cases where the record [allows the court] to evaluate fairly the merits of the claim.'" <u>Rivas</u>, 157 F.3d at 369; <u>see</u> <u>also</u> <u>United States v. Higdon</u>, 832 F.2d 312, 313-14 (5th Cir. 1987). Dunkley's claim of ineffective assistance of counsel was not adequately raised in the district court. This is not one of those rare occasions where the record is adequately developed for this court to review Dunkley's claim. Dunkley may pursue these claims in a 28 U.S.C. § 2255 motion.

AFFIRMED.